IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESLEY SCHOLL,** | : CIVIL ACTION NO. 1:21-CV-1774 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **RACHEL THOMPSON,** *et al.*, | : |
| Respondents | : |

## **MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241 in which petitioner Lesley Scholl, who was formerly incarcerated by the United States Bureau of Prisons in the United States Penitentiary-Allenwood ("USP-Allenwood"), challenges two disciplinary sanctions that were imposed during his incarceration. Respondents have filed a suggestion of mootness, asserting that the case is moot because Scholl has been released from custody. We agree and will dismiss the case without prejudice as moot.

### I.     **Factual Background & Procedural History**

On October 18, 2021, Scholl initiated this case through the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging two disciplinary sanctions imposed by USP-Allenwood, one of which resulted in the loss of 27 days of good conduct time.[1]  (Doc. 1).  Respondents responded on November 9, 2021,

---

[1] Challenges to prison disciplinary sanctions may be brought as habeas corpus petitions under 28 U.S.C. § 2241 if the disciplinary sanction resulted in the loss of good conduct time.  Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

asserting that the petition should be dismissed for Scholl's failure to exhaust administrative remedies, that the petition should be dismissed in part for lack of subject matter jurisdiction to the extent that it challenges a disciplinary sanction that did not result in the loss of good conduct time, and that the petition should alternatively be denied on its merits. (Doc. 7). Scholl filed a reply brief in support of his petition on November 29, 2021. (Doc. 10).

Scholl was released from BOP custody on December 27, 2021. (Doc. 12 at 1; Doc. 13 at 1). Respondents filed a suggestion of mootness on January 3, 2022, arguing that Scholl's release from custody renders his petition moot. (Doc. 13). We ordered Scholl to respond to the suggestion of mootness, and he timely did so on February 7, 2022. (Docs. 14-15). Scholl asserts that the petition is not moot because he is suffering collateral consequences from the disciplinary sanctions and because the issues in the case are capable of repetition but evading review. (Doc. 15 at 5-6).

## II. Discussion

Article III of the Constitution limits federal judicial power to actual cases or controversies. A case is moot when it no longer presents a live case or controversy. See, e.g., Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020). A petition for writ of habeas corpus "generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing Defoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Habeas corpus petitions challenging prison disciplinary sanctions also generally become moot when the petitioner is released from custody. Scott v. Holt, 297 F. App'x 154, 156 (3d Cir. 2008) (nonprecedential).

Habeas corpus petitions are not moot if petitioners can show that they are suffering "secondary or collateral consequences." Abreu, 971 F.3d at 406. Collateral consequences are presumed when a petitioner is attacking a criminal conviction while still serving a sentence for that conviction or when he is attacking the legality of a sentence that he is still serving. See Burkey v. Mayberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)). Petitioners challenging the loss of good conduct time who have served their complete term of imprisonment, on the other hand, generally cannot show collateral consequences arising from the loss of the good conduct time. See Scott, 297 F. App'x at 156.

Scholl argues that this case is not moot because he is suffering collateral consequences and because the legal issues presented by his petition are capable of repetition but evading review. (Doc. 15 at 5-6). Neither argument has merit.

First, with respect to collateral consequences, Scholl notes that collateral consequences are presumed when a petitioner challenges the legality of a criminal conviction and argues that the disciplinary sanctions imposed in this case are "ancillary-interwoven" with his criminal conviction. (Id. at 6). Scholl argues that the term of his imprisonment was prolonged when his good conduct time was revoked and that this prolonging of his imprisonment "could have been redressed by timely decision from this court." (Id. at 7).

Scholl is correct that the court could have ordered the reinstatement of his good conduct time *before* his release from custody, but this does not establish that he is *currently* suffering collateral consequences as a result of the disciplinary

3

sanctions. As the Third Circuit explained in Scott, petitioners who have served their complete terms of imprisonment

> cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, "the only function of good time credits is to determine when, in the absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, the good time earned during that period is of no further effect."

Scott, 297 F. App'x at 156 (internal alteration omitted) (quoting 28 C.F.R. § 2.35(b)). We acknowledge that Scott is a nonprecedential opinion, but we agree with its persuasive *ratio decidendi* and adopt it for purposes of the instant matter. We find that Scholl has not established collateral consequences arising from the loss of good conduct time.

The capable of repetition yet evading review doctrine likewise does not apply in this case. That doctrine represents a narrow exception to mootness when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

Parties arguing that a case is not moot bear the burden of showing that the capable of repetition yet evading review doctrine applies. County of Butler v. Governor of Pennsylvania, 8 F.4th 226, 231 (3d Cir. 2021). To make such a showing, the parties must rely on more than mere speculation. Hamilton, 862 F.3d at 336 (citing N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25,

4

33 (3d Cir. 1985)). "There must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability." County of Butler, 8 F.4th at 231.

Scholl argues it is "not [an] unreasonable expectation that during the 3 years" of his supervised release he would be "subject to [the] same criminal BOP misconduct absent court intervention." (Id. at 8). Scholl notes that if he were subsequently returned to BOP custody for violation of his supervised release and was subsequently charged with misconduct by the BOP, he would again be "subject to reckless disregard for due process requirements in disciplinary proceedings and denial of redress of grievances." (Id.)

Scholl's argument misconstrues the relief this court could grant through a writ of habeas corpus. The purpose of habeas corpus proceedings is to inquire into the legality of a petitioner's detention. Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). The only relief that a court may grant through a writ of habeas corpus is the petitioner's release from custody or admission to bail. Id.

Habeas corpus petitions may not be used to "invoke judicial determination of questions which could not affect the lawfulness of the [petitioner's] custody and detention." Eagles v. United States *ex rel.*, Samuels, 329 U.S. 304, 315 (1946) (quoting McNally v. Hill, 293 U.S. 131 (1934)). When a petition challenges the procedures employed by a federal agency, the function of the petition "is not to correct a practice" employed by the agency "but only to ascertain whether the procedure complained of has resulted in an unlawful detention." Id. Petitioners seeking prospective injunctive relief requiring

prisons to change the procedures for conducting future disciplinary hearings must pursue such relief through civil rights complaints and not through habeas corpus petitions. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Thus, any writ of habeas corpus that the court could issue in this case could only invalidate the particular disciplinary sanction that led to Scholl losing good conduct time; it would not operate as an injunction on how the BOP could conduct *future* disciplinary proceedings if Scholl were returned to BOP custody. Scholl's speculation that he could be subjected to "reckless disregard for due process requirements" in hypothetical future disciplinary proceedings is out of place in a habeas corpus case.

Moreover, even assuming that Scholl could obtain prospective injunctive relief, Scholl's invocation of the capable of repetition yet evading review doctrine is still too speculative to show that this case is not moot. Scholl's argument is based on the possibility of a future prison disciplinary sanction, but he could only be subjected to a similar sanction if (1) he violated the terms of his supervised release; (2) he was returned to BOP custody as a sanction for the supervised release violation; (3) he subsequently committed a disciplinary infraction while in BOP custody; and (4) the BOP imposed a disciplinary sanction for the infraction. Such multifaceted speculation is too remote for the capable of repetition yet evading review doctrine to apply. See Hamilton, 862 F.3d at 336 (concluding that father's invocation of doctrine in challenging alleged conspiracy to deprive him of custody of his son was too speculative because the same restrictions on father's custody could only be

6

imposed if there was "(1) some strife between child and father or father and mother (2) that CYS got involved in. And at that point, CYS would (3) need to encourage and convince S.H. to stay in a group home while mediating that dispute and (4) the shelter would have to deprive Hamilton of access to S.H").

As a final argument, Scholl argues that rather than dismissing the petition as moot, the court should simply construe the petition as a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 15). This argument is without merit. Although federal courts may construe habeas corpus petitions as civil rights complaints when the substance of the filing indicates that the petitioner is seeking civil rights relief rather than habeas corpus relief, see, e.g., Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998), the substance of Scholl's petition does not indicate that such a construction is appropriate. Scholl's petition seeks only to have his good conduct time restored; it does not seek any relief that would properly be sought through a civil rights complaint, such as damages, injunctive relief, or declaratory relief. We accordingly decline to construe the petition as a civil rights complaint. We emphasize, however, that the dismissal of the petition will be without prejudice to Scholl's right to file a civil rights complaint in a separate action.

## III.  Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice as moot.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    February 22, 2022